**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CIPRIANO BENITEZ, NEMECIO GARCIA, and ENRIQUE RAMIREZ, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,** | ) | **CASE NO.** |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **NEW ZAKS USA, INC., an Illinois corporation, NEW ZAKS USA, INC. d/b/a IHOP 1209, FLIP 3225, INC., an Illinois corporation, FLIP 3225, INC. d/b/a IHOP 3225, and AHMED SHAH, an individual,** | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiffs, Cipriano Benitez (ñBenitezò), Nemecio Garcia (ñGarciaò), and Enrique Ramirez (ñRamirezò) (collectively, ñPlaintiffsò), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, New Zaks USA, Inc. (ñNew Zaksò), New Zaks USA, Inc. d/b/a IHOP 1209 (ñIHOP 1209ò), Flip 3225, Inc. (Flip 3225ò), Flip 3225, Inc. d/b/a IHOP 3225 (ñIHOP 3225ò), and Ahmed Shah (ñShahò), as follows:

**Nature of the Suit**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. (ñFLSAò), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. (ñIMWLò), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. (ñIWPCAò) for Defendantsô failure to pay Plaintiffs, and other similarly situated employees, overtime pay and earned wages

and for unlawfully retaliating against Plaintiffs. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiffsô consent forms to act as the representative parties are attached as Exhibit A.

2. Upon information and belief, Defendants operate numerous International House of Pancakes (ñIHOPò) restaurants as well as other restaurant franchise establishments. Defendants have intentionally misclassified cooks who consistently worked more than forty (40) hours in a work week as salaried, overtime-exempt employees.

3. Defendants also refused to pay overtime wages to cooks, servers, and bus boys that were compensated on an hourly basis. Defendants further required employees to perform uncompensated work by ñshavingò hours and forcing them to work through designated break times.

4. During an investigation by the United States Department of Labor into Defendantsô wage and hour practices, Defendants threatened to drastically reduce Plaintiffsô work hours if they accepted any damages from the Department of Labor. When Plaintiffs Benitez and Garcia said that they intended to keep any damages received from the Department of Labor, Defendants reduced their work hours by more than half.

**Jurisdiction and Venue**

5. This Court has jurisdiction over Plaintiffsô FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffsô state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiffsô claims occurred in this judicial district.

## The Parties

7. Plaintiffs were employed as cooks and servers by Defendants within the last three (3) years before the filing of this lawsuit. Plaintiffs reside in and are domiciled within this judicial district.

8. Defendant New Zaks is an Illinois corporation doing business within this state and its principal place of business is located within this judicial district. New Zaks employs more than one (1) person for hire and pays wages to such employees. New Zaks does business as IHOP 1209.

9. Defendant Flip 3225 is an Illinois corporation doing business within this state and its principal place of business is located within this judicial district. Flip 3225 employs more than one (1) person for hire and pays wages to such employees. Flip 3225 does business as IHOP 3225.

10. Defendant Shah possessed the authority to hire and fire Defendantsô employees, to supervise and control employee work schedules or conditions of employment, to determine rate and method of payment, and to maintain employment records. Upon information and belief, Defendant Shah resides in and is domiciled within this judicial district.

## Common Allegations

11. Plaintiff and other cooks, servers, and bus boys employed by Defendants were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

12. Defendants did not compensate Plaintiff and other cooks, servers, and bus boys at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

13. In an attempt to avoid the payment of overtime wages, Defendants intentionally misclassified cooks who regularly worked more than forty (40) hours per work as salaried, non-exempt employees.

14. Defendants further instituted a dual-pay system for other cooks, servers, and bus boys that were paid on an hourly basis. For every hour worked over forty (40) in a work week, these employees were paid cash and, upon information and belief, such cash payments were not reported to the appropriate federal and state agencies.

15. Defendants also regularly reduced the amount of compensable time worked by Plaintiffs and other cooks, servers, and bus boys by ñshavingò the hours worked by employees. Plaintiffs and other employees ñclocked inò through the cash register but were not paid for all hours worked.

16. Defendants automatically deducted one half-hour (0.5 hours) per day from the daily wages of Plaintiffs and other employees but required these employees to work through unpaid break times.

17. Upon information and belief, the Wage and Hour Division of the United States Department of Labor (ñDOLò) has been investigating Defendantsô wage and hour practices throughout 2012 and 2013.

18. A DOL representative informed Plaintiffs Benitez and Garcia that they were entitled to damages for unpaid overtime wages and would likely receive such damages as a result of the DOLôs investigation into Defendants.

19. Shortly thereafter, Defendant Shah and Defendantsô District Manager, Naseem Akhter (ñAkhterò), approached Plaintiffs Benitez and Garcia and threatened to cut their hours if they accepted any damages for unpaid overtime compensation from the DOL. Defendant Shah

and Akhter also insisted that any damages received by Mr. Benitez and Mr. Garcia would have to be paid back to the Defendants.

20. When Plaintiffs Benitez and Garcia told Defendant Shah and Akhter that they intended to keep any overtime damages received from the DOL, Defendants reduced their weekly hours by more than half to approximately 32 hours per week.

21. Defendant Shah and Akhter have also forced Plaintiffs Benitez and Garcia to sign statements which falsely certified that they hired and fired employees and did not work over forty (40) hours per week. Upon information and belief, Defendants have submitted these false statements to the DOL in an attempt to mitigate their damages for unpaid overtime compensation.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

22. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

23. Plaintiffs are ñemployee[s]ò under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

24. During the course of Plaintiffsô employment, Defendants employed other cooks, servers, and bus boys who were similarly not exempt from the overtime wage provisions of the FLSA.

25. At all times relevant, Defendants New Zaks, IHOP 1209, Flip 3225, and IHOP 3225 have each been ñemployer[s]ò as defined in the FLSA, 29 U.S.C. § 203(d), and operated as enterprises engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

26. At all times relevant, Defendant Shah has been an ñemployerò as defined in the FLSA, 29 U.S.C. § 203(d).

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and other cooks, servers, and bus boys worked in excess of forty (40) hours, Plaintiffs and other cooks, servers, and bus boys were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

28. Defendantsô failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendantsô violation of the Fair Labor Standards Act by refusing to pay Plaintiffsô overtime wages was willful and not in good faith. Defendants intentionally sought to avoid their overtime obligations by misclassifying cooks as salaried and overtime-exempt and paying cash to hourly employees for overtime work at straight-time rates.

**WHEREFORE**, the Plaintiffs, Cipriano Benitez, Nemecio Garcia, and Enrique Ramirez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, New Zaks USA, Inc., New Zaks USA, Inc. d/b/a IHOP 1209, Flip 3225, Inc., Flip 3225, Inc. d/b/a IHOP 3225, and Ahmed Shah, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffsô hourly wage rates for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneysô fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Retaliation

30. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

31. Plaintiffs Benitez and Garcia engaged in protected activity under the FLSA, 29 U.S.C. 201, *et seq.*, when they informed Defendant Shah and Defendantsô District Manager Akhter that they intended to retain any monetary damages received from the DOL for Defendantsô failure to pay overtime wages.

32. Defendants violated the anti-retaliation prohibition within the FLSA, 29 U.S.C. § 215(a)(3), by substantially reducing Plaintiffôs work hours because Plaintiffs sought to recover damages for unpaid overtime work from the DOL and refused to turn over those damages over to Defendants.

**WHEREFORE**, the Plaintiffs, Cipriano Benitez, Nemecio Garcia, and Enrique Ramirez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, New Zaks USA, Inc., New Zaks USA, Inc. d/b/a IHOP 1209, Flip 3225, Inc., Flip 3225, Inc. d/b/a IHOP 3225, and Ahmed Shah, as follows:

A. Judgment in the amount of the lost wages suffered by Plaintiffs as a direct result of Defendantsô reduction of their work hours;

B. Liquidated damages in an amount equal to the amount of lost wages suffered by Plaintiffs;

C. Compensatory damages in an amount to be determined at trial for the emotional distress, mental anguish, embarrassment, humiliation, and loss of dignity suffered by Plaintiff as a direct result of Defendantsô retaliatory reduction of their work hours;

D. Punitive damages in an amount to be determined at trial for Defendantsô willful, malicious, and intentional violation of the Fair Labor Standards Act, 29 U.S.C. 215(a)(3);

E. Reasonable attorneysô fees and costs incurred in filing and prosecuting this action; and

F. Such other legal and equitable relief that this Court deem appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation front pay for Plaintiffsô future lost wages suffered as a direct result of Defendantsô retaliatory reduction of Plaintiffsô hours and injunctive relief consisting of a

declaration that Defendants engaged in retaliatory conduct in contravention of this section and an order to Defendants to cease engaging in any such retaliatory conduct.

**COUNT III**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**

33. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

34. Plaintiffs are ñemployee[s]ò under the IMWL, 820 ILCS § 105/3(d), and are not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

35. During the course of the Plaintiffsô employment, Defendants employed other cooks, servers and bus boys who were similarly not exempt from the overtime wage provisions of the IMWL.

36. At all times relevant, Defendants New Zaks, IHOP 1209, Flip 3225, and IHOP 3225 have each been ñemployer[s]ò as defined in the IMWL, 820 ILCS § 105/3(c).

37. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other cooks, servers, and bus boys worked in excess of forty (40) hours, Plaintiff and the other cooks, servers, and bus boys were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

38. Defendantsô failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, Plaintiff, Cipriano Benitez, Nemecio Garcia, and Enrique Ramirez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, New Zaks USA, Inc., New Zaks USA, Inc. d/b/a IHOP 1209, Flip 3225, Inc., Flip 3225, Inc. d/b/a IHOP 3225, and Ahmed Shah, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffsô hourly wage rates for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneysô fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

39. Plaintiffs hereby incorporate paragraphs 1 through 21 as though stated herein.

40. Plaintiffs are ñemployee[s]ò under the IWPCA, 820 ILCS 115/2, and Plaintiffs are not exempt from the IWPCAôs protections, 820 ILCS 115/1, *et seq*..

41. During Plaintiffsô employment, Plaintiffs and Defendants mutually understood and agreed that Plaintiffs and other cooks, servers, and bus boys that were paid a regular hourly rate would be compensated for all work performed.

42. Defendants violated the partiesô agreement and the IWPCA by failing to pay such cooks, servers, and bus boys for work performed during designated meal breaks and, also, illegally reducing the actual hours worked by employees and paying them for less time than the employees worked.

43. Defendants further violated the IWPCA by issuing cash payments to Plaintiffs and other cooks, servers, and bus boys which deprived them of the withholding agency deposits required by the IWPCA.

**WHEREFORE**, Plaintiffs, Cipriano Benitez, Nemecio Garcia, and Enrique Ramirez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a

judgment against Defendants, New Zaks USA, Inc., New Zaks USA, Inc. d/b/a IHOP 1209, Flip 3225, Inc., Flip 3225, Inc. d/b/a IHOP 3225, and Ahmed Shah, as follows:

A. A judgment in an amount to be determined at trial for all of the earned wages, final compensation, and agency withholding deposits due Plaintiff;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneysô fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: April 15, 2013

Respectfully submitted,
Cipriano Benitez, Nemecio Garcia, and Enrique Ramirez, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,

/s/Timothy M. Nolan

One of Plaintiffsô Attorneys

Timothy M. Nolan
IL ARDC No. 6194416
Nicholas P. Cholis
IL ARDC No. 6292556
Nolan Law Office
Attorneys for Plaintiff
53 West Jackson Blvd. #1137
Chicago, Illinois 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net

11